Filed 10/20/14  P. v. Love CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C075987 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF13-577) |
| v. | |
| ANTHONY ELTON LOVE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Anthony Elton Love has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

Shortly before noon on September 9, 2013, defendant and his wife were involved in an argument at her Yuba County residence. She picked up the couple's five-month-old son and repeatedly refused to hand the child to defendant. Using his closed fist, defendant struck his wife in the face, cutting the upper right portion of her lip and causing it to swell and bleed. When she tried to call law enforcement, defendant took her telephone from her and threw it onto the floor. When her sister handed her another telephone, defendant took it from her and threw it onto the floor. When defendant fled on a bicycle, his wife contacted law enforcement. She declined medical attention but wanted defendant to be prosecuted.

Three days later, defendant contacted his wife by telephone and stated, " 'Bitch, I'm letting you know I am going to come over there and bust your shit wide open.' " Believing defendant would come over and kill her, she contacted law enforcement. A deputy transported her and her child to a shelter.

A complaint charged defendant with infliction of corporal injury upon his spouse (Pen. Code, § 273.5, subd. (a)—count 1);[1] child endangerment (§ 273a, subd. (a)—count 2); dissuading a witness (§ 136.1, subd. (b)(1)—count 3); and criminal threats (§ 422—count 4). In addition, defendant was alleged to have a prior strike conviction for assault with a deadly weapon. (§ 245, subd. (a)(1).)

Defendant pleaded no contest to count 1. In exchange, counts 3 and 4 and the strike allegation were dismissed and the child endangerment charge—count 2—was dismissed with a *Harvey* waiver.[2]

Defendant was sentenced to state prison for the upper term of four years, awarded 59 days of custody credit and 58 days of conduct credit (Pen. Code, § 4019) for a total of

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

117 days of presentence custody credit, and ordered to pay a $280 restitution fine (*id.*, § 1202.4, subd. (b)), a $280 restitution fine suspended unless parole is revoked (*id.*, § 1202.45), a $40 court operations fee (*id.*, § 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                                        BUTZ                    , J.


We concur:


        BLEASE              , Acting P. J.


        MAURO              , J.


3